UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THAD LAVALLEE,<br>　　　　Plaintiff<br><br>v.<br><br>TOWN OF DEDHAM, DEDHAM PUBLIC SCHOOLS, MICHAEL WELCH, JAMES FORREST,<br>　　　　Defendants | Civil Action No. 1:22-CV-10554-JGD |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS

NOW COME Defendants Town of Dedham, Dedham Public Schools, Michael Welch and James Forrest ("Defendants"), by and through its undersigned counsel, and responds to the numbered paragraphs in Plaintiff Thad Lavallee's ("Plaintiff") Complaint and Jury Demand ("Complaint") and states affirmative defenses, as follows.

## NATURE OF COMPLAINT

1. Defendants deny the allegations in Paragraph 1 of the Complaint.

2. Defendants deny the allegations in Paragraph 2 of the Complaint.

## PARTIES

3. Defendants admit that Plaintiff was a full-time teacher at Dedham High School from August 2017 through June 20, 2019. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint, therefore, they are denied.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

<sub>Case 1:22-cv-10554-JGD Document 7 Filed 06/21/22 Page 2 of 11</sub>

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint does not contain a statement of fact for which a response is required.

11. Paragraph 11 of the Complaint does not contain a statement of fact for which a response is required.

## FACTS

12. Defendants admit that Plaintiff began his full-time District employment in August 2017 and was employed as a Dedham Highschool English Language Arts (ELA) Teacher and as a Special Education (SPED) liaison. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint, therefore, they are denied.

13. Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, therefore, they are denied.

14. Defendants deny that Plaintiff performed well throughout his time at Dedham High School. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint, therefore, they are denied.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants admit the allegations in Paragraph 16 of the Complaint.

17. Defendants admit the allegations in Paragraph 17 of the Complaint.

18. Defendants admit the allegations in Paragraph 18 of the Complaint.

19. Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, therefore, they are denied.

20. Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, therefore, they are denied.

21. Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, therefore, they are denied.

22. Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, therefore, they are denied.

23. Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, therefore, they are denied.

24. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint, therefore, they are denied.

25. Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, therefore, they are denied.

26. Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, therefore, they are denied.

27. Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, therefore, they are denied.

28. Defendants admit the allegations in Paragraph 28 of the Complaint.

29. Defendants admit the allegations in Paragraph 29 of the Complaint.

30. Defendants admit the allegations in Paragraph 30 of the Complaint.

31. Defendants admit the allegations in Paragraph 31 of the Complaint. In further responding, Defendants state that Plaintiff was encouraged to stand for the Pledge.

32. Defendants admit the allegations in Paragraph 32 of the Complaint. In further responding, Defendants state that Plaintiff was encouraged to stand for the Pledge.

33. Defendants admit the allegations in Paragraph 33 of the Complaint. In further responding, Defendants state that Plaintiff was encouraged to stand for the Pledge.

34. The allegations in Paragraph 34 of the Complaint are confusing and are therefore denied.

35. Defendants admit that a meeting took place between Principal Forrest, Plaintiff, and a parent but deny the remaining allegations in Paragraph 35 of the Complaint.

36. Defendants admit that a meeting took place between Principal Forrest, Plaintiff, and a parent but deny the remaining allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraphs 37 of the Complaint.

38. Defendants deny the allegations in Paragraphs 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants admit that Plaintiff was required to submit weekly lesson plans but deny that this requirement was retaliatory.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants admit that Plaintiff was required to meet weekly with his department chairperson but deny that this requirement was retaliatory.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants admit that the quoted portions appeared in Plaintiff's classroom observation feedback and that such documents speak for themselves but deny the remaining allegations in Paragraph 48 of the Complaint.

49. Defendants admit that the quoted portions appeared in Plaintiff's classroom observation feedback and that such documents speak for themselves but deny the remaining allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, therefore, they are denied.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants admit the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants state that such letter speaks for itself.

59. Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, therefore, they are denied.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint, therefore, they are denied.

## **MUNICIPAL LIABILITY**

62. Defendants admit that many teachers within the District typically stand for the Pledge. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 of the Complaint, therefore, they are denied.

63. Such paragraph states a conclusion of law to which no response is required.

64. Such paragraph states a conclusion of law to which no response is required.

65. Such paragraph states a conclusion of law to which no response is required.

66. Such paragraph states a conclusion of law to which no response is required.

67. Such paragraph states a conclusion of law to which no response is required.

68. Defendants admit the allegations in Paragraph 68 of the Complaint.

69. Defendants admit the allegations in Paragraph 69 of the Complaint.

70. Defendants admit the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants admit that David Flynn's coaching contract was not renewed but deny the remaining allegations in Paragraph 72 of the Complaint.

73. Defendants admit that Andrew Daitsman is no longer employed by Dedham Public Schools but deny the remaining allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

## COUNT ONE

### FEDERAL FREE SPEECH CLAIM

### AGAINST ALL DEFENDANTS

80. Defendants reaffirm and incorporate Paragraphs 1-79 as if fully set forth herein.

81. Defendants deny the allegations in Paragraph 81 of the Complaint.

## COUNT TWO

### FEDERAL FREE EXERCISE / ESTABLISHMENT CLAUSE CLAIM

### AGAINST ALL DEFENDANTS

82. Defendants reaffirm and incorporate Paragraphs 1-79 as if fully set forth herein.

83. Defendants deny the allegations in Paragraph 83 of the Complaint.

## COUNT THREE

### FEDERAL SUBSTANTIVE DUE PROCESS CLAUSE CLAIM

### AGAINST PRINCIPAL FORREST

84. Defendants reaffirm and incorporate Paragraphs 1-79 as if fully set forth herein.

85. Defendants deny the allegations in Paragraph 85 of the Complaint.

## COUNT FOUR

### STATE FREE SPEECH CLAIM

### AGAINST INDIVIDUAL DEFENDANTS

86. Defendants reaffirm and incorporate Paragraphs 1-79 as if fully set forth herein.

87. Defendants deny the allegations in Paragraph 87 of the Complaint.

## COUNT FIVE

## STATE FREE EXERCISE AND ESTABLISHMENT CLAUSE CLAIMS

## AGAINST INDIVIDUAL DEFENDANTS

88. Defendants reaffirm and incorporate Paragraphs 1-79 as if fully set forth herein.

89. Defendants deny the allegations in Paragraph 89 of the Complaint.

## COUNT SIX

## STATE SUBSTANTIVE DUE PROCESS CLAUSE CLAIM

## AGAINST PRINCIPAL FORREST

90. Defendants reaffirm and incorporate Paragraphs 1-79 as if fully set forth herein.

91. Defendants deny the allegations in Paragraph 89 of the Complaint.

## COUNT SEVEN

## TORTIOUS INTERFERENCE WITH ADVANTAGEOUS/CONTRACTUAL

## RELATIONSHIPS

## AGAINST INDIVIDUAL DEFENDANTS

92. Defendants reaffirm and incorporate Paragraphs 1-79 as if fully set forth herein.

93. Defendants admit the allegations in Paragraph 93 of the Complaint.

94. Defendants admit the allegations in Paragraph 94 of the Complaint.

95. Defendants deny the allegations in Paragraph 95 of the Complaint.

## COUNT EIGHT

## WRONGFUL TERMINATION

## AGAINST ALL DEFENDANTS

96. Defendants reaffirm and incorporate Paragraphs 1-79 as if fully set forth herein.

97. Defendants deny the allegations in Paragraph 97 of the Complaint.

## REQUESTS FOR RELIEF

98. Defendants deny the allegations in Paragraph 98 of the Complaint.

99. Defendants deny the allegations in Paragraph 99 of the Complaint.

100. Defendants deny the allegations in Paragraph 100 of the Complaint.

101. Defendants deny the allegations in Paragraph 101 of the Complaint.

102. Defendants deny the allegations in Paragraph 102 of the Complaint.

103. Defendants deny the allegations in Paragraph 103 of the Complaint.

104. Defendants deny the allegations in Paragraph 104 of the Complaint.

105. Defendants deny the allegations in Paragraph 105 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Any allegedly protected expression engaged in by Plaintiff was not performed as a citizen nor did it involve a matter of public concern. [1]

### SECOND AFFIRMATIVE DEFENSE

The interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees, outweighed any protected interests alleged by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Any allegedly protected expression engaged in by Plaintiff was not a substantial or motivating factor in any alleged adverse employment decisions against him.

---

[1] By pleading any matter as a defense, Defendants do not concede that they bear the burden of proof with regard to such matter.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

Even if Defendants' actions were in violation of Plaintiff's constitutional rights, Defendants' actions were protected by the doctrine of qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE

Even if Defendants' actions were in violation of Plaintiff's constitutional rights, Defendants had a superseding state interest in making the decision that is at issue in this Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel and/or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Defendants reserves their right to add such additional affirmative defenses as may become evidence during the course of discovery.

Respectfully submitted,

TOWN OF DEDHAM, DEDHAM PUBLIC SCHOOLS, MICHAEL WELCH, and JAMES FORREST

By their attorney,

/s/ Brian E. Lewis
Brian E. Lewis, Esq. (BBO #643717)
Austin D. Jones, Esq. (BBO #709313)
Jackson Lewis P.C.
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Date:   June 21, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 21, 2022.

/s/ Brian E. Lewis
Jackson Lewis, P.C.

4860-9009-6932, v. 1