UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THAD LAVALLEE, )<br> )<br> Plaintiff, )<br> v. )<br> )<br>TOWN OF DEDHAM, DEDHAM PUBLIC )<br>SCHOOLS, MICHAEL WELCH, in his )<br>individual capacity, and JAMES FORREST, )<br>in his individual capacity, )<br> )<br> Defendants. ) | CIVIL ACTION<br>NO. 22-10554-JGD |

## ORDER ON PLAINTIFF'S MOTION TO RECOVER COSTS OF SERVICE

This matter is before the court on the "Plaintiff's Motion to Recover Costs of Service" (Docket No. 5), to which no written opposition has been filed. After consideration of the plaintiff's written submission and the parties' oral arguments during a scheduling conference held on July 20, 2022, the motion is hereby ALLOWED IN PART and DENIED IN PART as follows.

By his motion, plaintiff Thad LaVallee ("LaVallee") is seeking reimbursement of the costs he incurred in connection with the service of a Summons upon each of the defendants, as well as reimbursement of attorney's fees he incurred in connection with the filing of the instant motion to recover those costs. LaVallee argues that he is entitled to reimbursement of his costs and expenses pursuant to Rule 4 of the Federal Rules of Civil Procedure because he sent notice of this lawsuit and requests to waive formal service of process to each of the defendants by way of first class mail and electronic mail, but none of the defendants responded or signed a written waiver. While this court finds that LaVallee is entitled to recover costs and expenses from the individual defendants, Michael Welch ("Welch") and James Forrest ("Forrest"), the

plaintiff has not shown that he is entitled to relief with respect to the municipal defendants, the Town of Dedham ("Town") and the Dedham Public Schools.

Rule 4(d) of the Federal Rules of Civil Procedure provides in relevant part as follows:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver [of service] requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2). "Absent 'good cause,' the imposition of costs is mandatory." Marcello v. Maine, 238 F.R.D. 113, 115 (D. Me. 2006). In the instant case, LaVallee has demonstrated that he complied with the requirements for requesting a waiver prescribed by Fed. R. Civ. P. 4(d)(1) by providing each of the defendants with notice of this action and a request to waive service, but that all the defendants failed to sign and return the waiver of service. (See Docket No. 5 at Ex. 1). Additionally, the defendants have failed to present any good cause for their failure to agree to a waiver.

Significantly, however, the waiver of service provisions set forth in Rule 4(d) are "only applicable to defendants subject to subdivisions (e), (f), or (h) of Rule 4[,]" which "provide for service on individuals within a judicial district of the United States; on individuals in a foreign country; and on corporations and associations, respectively." Berio-Ramos v. Flores-Garcia, No. 13-1879 (PAD), 2015 WL 4603044, at *1 & n. 1 (D.P.R. July 29, 2015). See also Fed. R. Civ. P. 4(d)(1) ("An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons."). Service of process on state or municipal entities such as the Town and the Dedham Public Schools "is governed by Fed. R. Civ. P. 4(j), which contrary to Fed. R. Civ. P. 4(d)(2), lacks a cost-shift provision linked to

waiver of service." Berio-Ramos, 2015 WL 4603044, at *1.  See also Marcello, 238 F.R.D. at 115 (explaining that the waiver of service provisions of Rule 4(d), including the cost-shifting provision of 4(d)(2), does not apply to state and local governments, "since they are covered by subsection (j)."). Thus, while the individual defendants are "unarguably subject to [Rule 4(d)(2)]," there is no basis for allowing LaVallee to recover his costs and expenses from the Town or the Dedham Public Schools.  See Marcello, 238 F.R.D. at 115.  His request for reimbursement from those defendants is therefore denied.

With respect to Welch and Forrest, LaVallee has filed Proof of Service showing that he incurred $75 per person in costs to serve each of the individual defendants. (Docket No. 4 at 6, 8).  Moreover, according to the plaintiff, he incurred $550 in attorney's fees, or $137.50 per defendant, in connection with the filing of the instant motion to recover his costs.[1] (Docket No. 5 ¶ 13).  The defendants have not challenged these costs or the reasonableness of the fees.  Accordingly, this court will allow the plaintiff to recover $75 in costs and $137.50 in attorney's fees from each of the individual defendants.

## ORDER

For all the reasons detailed above, the "Plaintiff's Motion to Recover Costs of Service" (Docket No. 5) is ALLOWED IN PART and DENIED IN PART.  Specifically, the motion is ALLOWED with respect to LaVallee's request that the individual defendants, Welch and Forrest, each reimburse him for $75 in service costs and $137.50 in attorney's fees, but the motion is

---

[1] Because the defendants have not filed an opposition to LaVallee's motion or challenged the reasonableness of the attorney's fees, this court will allow the plaintiff's motion for attorney's fees against the individual defendants.  However, this court notes that the appropriate practice would have been for plaintiff's counsel to have filed an affidavit regarding the reasonableness of his fees.

otherwise DENIED.

                                                                   / s / Judith Gail Dein  
                                                                   Judith Gail Dein  
Dated: July 20, 2022                                      United States Magistrate Judge