UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:22-cv-10554-JGD

| | |
|---|---|
| THAD LAVALLEE, | ) |
| Plaintiff | ) |
| v. | ) |
| TOWN OF DEDHAM, DEDHAM PUBLIC | ) |
| SCHOOLS, MICHAEL WELCH, in his | ) |
| individual capacity, and JAMES FORREST, | ) |
| in his individual capacity | ) |
| Defendant | ) |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL DOCUMENTS AND COMMUNICATIONS OVER
WHICH PRIVILEGE HAS BEEN WAIVED MULTIPLE TIMES OVER

Pursuant to Federal Rules of Civil Procedure and Local Rules 26 and 37,[1] Plaintiff respectfully moves this Court to compel Defendants to produce the documents identified in the privilege log attached hereto as Exhibit 1, which consist of documents and communications sought, obtained, and relied upon contemporaneous with directing Plaintiff to stand for the Pledge of Allegiance. (Ex. 1); (Ex. 2; Depo. Welch 18:5 - 21:5); (Ex. 3; Welch errata); (Ex. 4; Depo. Forrest, 59:22 - 60:22); (Ex. 5; Depo. LaVallee 49:7 - 51:17). Privilege has been waived multiple times over. Grounds for this motion are as follows.

This matter involves Plaintiff's claims that, as a teacher at Dedham High School, he was directed by Defendants to stand for the Pledge and retaliated against and terminated when he refused. Defendant Forrest, Principal at Dedham High School, told Plaintiff that "the expectation was that he stand for the Pledge." (Ex. 4, Depo. Forrest, 59:22 - 60:22). Defendants have raised the affirmative defenses of qualified immunity and superseding state interest. Def.'s Ans., Doc.

---

[1] A related discovery conference was held via phone conference on March 9, 2023, from 10:00 a.m. to around 10:10 a.m., between plaintiff counsel, Lucas Newbill, and defense counsel, Brian Lewis and Austin Jones. Agreement was not reached as to the substance of this motion.

1

Entry # 7, p. 10.  Defendants rely on the good faith defense that "as is common in public schools across the United States, Dedham High School holds a daily recitation of the Pledge of Allegiance."  (Ex. 6, pp. 3 and 8).  Defendants rely on a state statute[2] concerning recitation of the Pledge.  (Ex. 2; Depo. Welch 18:5 - 21:5); (Ex. 3; Welch errata).

On September 2, 2022, Defendants were served request for documents #17: "Please produce all documents, communications, and electronically stored information concerning Plaintiff and the Pledge of Allegiance."  (Ex. 7, ¶ 17.)

On October 31, 2022, Defendants responded to document request #17: "Defendants object to this Request to the extent that it is overbroad, unduly burdensome, or seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections Defendants will produce responsive documents including [bates stamp identifiers]." (Ex. 8, ¶ 17.)  Defendants neither expressly claimed privilege nor identified, let alone described the nature of, the documents subject of this motion.  (Ex. 8, ¶ 17.)  Defendants later conceded the documents subject of this motion were responsive to document request #17.  (Ex. 1).

On December 16, 2022, defendant Michael Welch testified that, in response to a meeting about Plaintiff not standing for the Pledge, defendant Forrest, at the suggestion of defendant Welch, sought legal opinion as how the statute requiring the recitation of the Pledge applied to Plaintiff's situation.  (Ex. 2; Depo. Welch 18:16 - 21:5).  Defense counsel failed to make any privilege objection at deposition.  (Ex. 2; Depo. Welch).  Defendant Welch later clarified that it was he who sought and obtained the legal opinion.  (Ex. 3; Welch errata).  Again, no privilege objection.  Such legal opinion and related communications are the subject of this motion.

---

[2]    See G.L. c. 71, § 69.

On January 3, 2023, Plaintiff served a request for documents and communications relied upon in directing Plaintiff to stand for the Pledge along with other requests to which the documents at issue here were responsive. (Ex. 9, ¶¶ 41-46). On February 17, 2023, Defendants responded to such requests and "object[ed] . . . to the extent it seeks documents protected by the attorney client privilege or work product doctrine[,]" but neither indicated that documents were withheld nor described the nature of documents so withheld. (Ex. 10, ¶¶ 41-46). On the contrary, Defendants responded as if all responsive documents had been produced. (Ex. 10, ¶¶ 41-46) ("Without waiving these objections Defendants direct Plaintiff to their document production.") Defendants later conceded that the documents subject of this motion were responsive to these document requests. (Ex. 1).

On March 7, 2023, Plaintiff emailed Defendants that he knows of the existence of the at issue documents because of Welch's deposition testimony, demanding production thereof. (Ex. 11). On March 9, 2023, a privilege log was finally provided, wherein was disclosed that the documents at issue were forwarded by Defendant Welch to unidentified third parties, Steve Bilafer and Kevin Coughlin. (Ex. 1).

LAW AND ARGUMENT

ATTORNEY-CLIENT PRIVILEGE

The burden to prove that the attorney-client privilege applies lies with the party asserting the privilege. United States v. Bay State Ambulance & Hosp. Rental Serv., Inc., 874 F.2d 20, 28 (1st Cir. 1989). "[T]he attorney-client privilege applies: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be

waived." United States ex rel. Wollman v. Massachusetts Gen. Hosp., Inc., 475 F. Supp. 3d 45, 63 (D. Mass. 2020).

"Generally, disclosing attorney-client communications to a third party undermines the privilege." Wollman, 475 F. Supp. 3d 45 at 66.  Even within a single corporate structure, privilege may be waived if disclosure is made to those who are neither responsible for directing nor implementing such legal advice.  See id., at 64.  Thus, the burden is on Defendants to show that the third-party recipients to the documents sought here, Steve Bilafer and Kevin Coughlin, are clients within the control group or necessary for implementation of the legal advice.

Although not determinative, legal consultation and the "purport of the advice received" is relevant to the qualified immunity calculus.  See Cox v. Hainley, 391 F.3d 25, 34-36 (1st Cir. 2004); Belsito Communications, Inc. v. Decker, 845 F.3d 13, 24 (1st Cir. 2016).  Because Defendants have raised the affirmative defenses of qualified immunity and superseding state interest, rely on the common practice of reciting the Pledge as a good faith defense, and relied upon legal advice as to whether state law permitted them to direct Plaintiff to stand for the Pledge, defendants have not only placed at issue the legal advice sought and received, but also waived privilege thereover. Cf. Glenmede Trust Co. v. Thompson, 56 F.3d 476, 486 (3rd Cir. 1995) ("The attorney client privilege may be waived by a client who asserts reliance on the advice of counsel as an affirmative defense." [Citation omitted.]).

Further, because Defendants failed to timely and expressly make a privilege claim and describe said withheld documents, privilege thereover is waived.  See Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 11-12 (1st Cir. 1991); Schalk v. Teledyne, Inc., No. 1:90-cv-460, 1991 U.S. Dist. LEXIS 1974 (U.S.D.C. W.D. Mich., Feb. 15, 1992) (attached as Ex. 12).  This sanction is particularly appropriate where relevant documents were withheld from document production

without so much as any mention of their existence. Were it not for Defendant Welch's inadvertent disclosure at deposition, Defendants would have gotten away with malfeasance. Such discovery gamesmanship should be thwarted, not courted. See In re Honeywell Int'l, Inc. Sec. Litig., 230 F.R.D. 293, 298-300 (S.D.N.Y. 2003).

Further, because defense counsel failed to make any privilege objection when Defendant Welch testified to reliance on the legal opinion at issue here, such privilege is waived. See Diversified Group, Inc. v. Daugerdas, 304 F. Supp. 2d 507, 515 (S.D.N.Y. 2003).

Waiver is to all documents and communications on the subject matter, lest defendants be able to present a defense without the full picture, which – if Defendants' behavior in discovery is any indication – may be very different. See In re Lernout & Hauspie Sec. Litig., 222 F.R.D. 29, 34-35 (D. Mass. 2004).

## WORK PRODUCT PROTECTION

Defendants bear the burden of proving that the documents at issue were obtained or prepared *because of* actual or impending litigation. See In re Lernout & Hauspie Sec. Litig., 222 F.R.D. at 3536. This burden "can be met only by an evidentiary showing based on competent evidence." McCoo v. Denny's Inc., 192 F.R.D. 675, 683 (D. Kan. 2000) (quotations omitted). "That burden cannot be discharged by mere conclusory or ipse dixit assertions." Id. (quotations omitted). That the documents were shared with third parties that had no role in Plaintiff's termination; (Ex. 13, ¶ 14); undercuts any such argument. "The First Circuit has taken a narrow view of the attorney work product doctrine . . . ." Wollman, 475 F. Supp. 3d at 61 (citation omitted).

Where advice of counsel is relevant to a defense, work product protection may be waived. See Panter v. Marshall Field & Co., 80 F.R.D. 718, 726 (N.D. Ill. 1978).

5

Further, Defendants' failure to timely assert work product protection constitutes waiver thereof.  See <u>Lenz v. Universal Music Corp.</u>, No. C 07-3783 JF (RS), 2009 WL 3573990, at *3 (N.D. Cal. Oct. 30, 2009) (attached as Ex. 14).

Further, Defendant Welch's unobjected-to disclosure at deposition of the legal opinion sought and obtained waived any potential work product protection.  See <u>United States v. Massachusetts Inst. of Tech.</u>, 129 F.3d 681, 687 (1st Cir. 1997) ("the prevailing rule [is] that disclosure to an adversary, real or potential, forfeits work product protection").

                                                   Respectfully submitted,
                                                   Plaintiff Thad LaVallee,
                                                   By his attorney,

Dated: <u>April 4, 2023</u>                     <u>/s/ Lucas Newbill</u>
                                                   Lucas Newbill, BBO No. 697176

                                                   Law Offices of Lucas Newbill
                                                   P.O. Box 1741
                                                   Brookline, Massachusetts 02446
                                                   Tel. 617-918-7567
                                                   lucas@lucasnewbill.com

LOCAL RULE 7.1 AND 37.1 CERTIFICATION

    I hereby certify compliance with the provisions of Local Rule 7.1(a)(2) and 37.1. Counsel have conferred and attempted in good faith to resolve or narrow the issues. A related discovery conference was held via phone conference on March 9, 2023, from 10:00 a.m. to around 10:10 a.m., between plaintiff counsel, Lucas Newbill, and defense counsel, Brian Lewis and Austin Jones. Agreement was not reached as to the substance of this motion.

                              */s/ Lucas Newbill*
                              Lucas Newbill, BBO No. 697176

CERTIFICATE OF SERVICE

    I hereby certify that this document was filed this day through the court's electronic-filing system (ECF) and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

                              */s/ Lucas Newbill*
                              Lucas Newbill, BBO No. 697176

Dated: April 4, 2023