UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THAD LAVALLEE,<br><br>        Plaintiff<br><br>   v.<br><br>TOWN OF DEDHAM, DEDHAM PUBLIC SCHOOLS, MICHAEL WELCH, in his individual capacity, and JAMES FORREST, in his individual capacity,<br><br>        Defendants. | Civil Action No. 1:22-cv-10554-JGD |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF HIS PARTIAL MOTION FOR SUMMARY JUDGMENT

Defendants Town of Dedham, Dedham Public Schools, Michael Welch, and James Forrest, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, submit this Response to Plaintiff's Statement of Undisputed Material Facts filed in support of his Partial Motion for Summary Judgment.

### RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff was an English and Special Education teacher at Dedham High School from august 2017 through June 20, 2019. LaVallee Aff. Supp. Pl. Mot. Summ. J. Pl. Mot. Summ. J. ¶ 1; Newbill Aff. Ex. 6; Def.'s Ans. ¶ 3, ECF#7.

Response: Admit.

2. Dedham High School if part of Dedham Public Schools. Newbill Aff. Ex. 9, Town Dep., 7:15-17.

Response: Admit.

1

3.      Dedham Public Schools is part of the Town of Dedham. Newbill Aff. Ex. 9, Town Dep. 7:18-20.

<u>Response</u>: Admit.

4.      During Plaintiff's employment, defendant James Forrest was the principal of Dedham High School. LaVallee Aff. Supp. Pl. Mot. Summ. J. ¶ 2; Newbill Aff. Ex. 2, Forrest Dep. 13:14-17; Def. Ans. ¶ 6, ECF#7.

<u>Response</u>: Admit.

5.      Forrest's actions described herein were performed under color of law. Def. Ans. ¶ 7, ECF#7.

<u>Response</u>: Admit.

6.      During Plaintiff's employment, defendant Michael Welch was the Superintendent at Dedham Public Schools. LaVallee Aff. Supp. Pl. Mot. Summ. J. ¶ 3; Newbill Aff. Ex. 4, Welch Dep. 7:7-9, Def. Ans. ¶ 8, ECF#7.

<u>Response</u>: Admit.

7.      Welch's actions described herein were performed under color of law. Def. Ans. ¶ 9, ECF#7.

<u>Response</u>: Admit.

8.      The School Committee hires the Superintendent. Newbill Aff. Ex. 9, Town Dep. 11:19-23.

<u>Response</u>: Admit.

9.      The Superintendent's role is to hire and evaluate all staff. Newbill Aff. Ex. 9, Town Dep. 11:23-12:4.

<u>Response</u>: Admit.

10. The Superintendent supervises all principals, including Forrest. Newbill Aff. Ex. 4, Welch Dep. 7:10-15.

Response: Admit.

11. The Superintendent writes all nonrenewal letters for Dedham Public Schools. Newbill Aff. Ex. 4, Welch Dep. 12:6-10.

Response: Admit.

12. The Superintendent is the ultimate decisionmaker when it comes to the termination of all teachers. NewBill Aff. Ex. 4, Welch Dep. 8:8-13, 12:1-10.

Response: Admit.

13. The Superintendent is the ultimate decisionmaker when it comes to enforcing school policy. Newbill Aff. Ex. 4, Welch Dep. 7:10-8:13.

Response: Defendants object to this statement on grounds that the portions of deposition transcript cited does not support the assertion that the Superintendent of Dedham Public Schools is the ultimate decisionmaker when it comes to "enforcing school policy." The cited portions of the deposition of Defendant Welch merely state that he supervises all principals and routinely communicates with them "about a myriad of decisions that the principal is authorized to make."

14. Superintendent Welch nonrenewed Plaintiff's employment. Newbill Aff. Ex. 6; Newbill Aff. Ex. 4, Welch Dep. 12:21-13:5.

Response: Defendants object to this statement on grounds that the portions of the deposition transcript cited does not support the assertion that Defendant Welch "nonrenewed Plaintiff's employment." The cited portions of the deposition state, in sum, that Defendant Welch approved and verified the decision the nonrenewal.

15. Superintendent Welch approved the nonrenewal of Plaintiff's employment. Newbill Aff. Ex. 6; Newbill Aff. Ex. 4, Welch Dep. 12:21-13:5.

Response: Admit.

16. Superintendent Welch wrote the letter verifying the nonrenewal of Plaintiff's employment. Newbill Aff. Ex. 6; Newbill Aff. Ex. 4, Welch Dep. 10:6-10, 12:1-2.

<u>Response</u>: Admit.

17. The Pledge of Allegiance as read at Dedham High School is: "I pledge allegiance to the Flag of the United States of America, and to the Republic for which it stands, one Nation under God, indivisible, with liberty and justice for all." LaVallee Aff. Supp. Pl. Mot. Summ. J. ¶ 4.

<u>Response</u>: Defendant objects to this statement on grounds that is unsupported by admissible evidence and for the reasons stated in Defendant's Motion to Strike Plaintiff's Affidavit and supporting memorandum of law. *See* Doc. No. 59-60.

18. Plaintiff does not stand for the Pledge of Allegiance because of sincerely held beliefs, which include that liberty and justice does not exist for all and that it is contrary to his nonreligious beliefs to stand for an oath evoking someone else's idea of a supreme being. LaVallee Aff. Supp. Pl. Mot. Summ. J. ¶¶ 5, 14.

<u>Response</u>: Defendant objects to this statement on grounds that is unsupported by admissible evidence and for the reasons stated in Defendant's Motion to Strike Plaintiff's Affidavit and supporting memorandum of law. *See* Doc. No. 59-60.

19. On September 10, 2018, the parent of a student of Plaintiff came to school complaining that Plaintiff does not stand for the Pledge of Allegiance. During that meeting, which included and was arranged by Principal Forrest, this parent told Plaintiff that he has pictures of Plaintiff's children and knows where he lives, showed pictures of Plaintiff's son, called Plaintiff a "terrorist-sympathizer," and said that he had called the local police on Plaintiff as a threat to children because is not patriotic. Principal Forrest did nothing to stop the meeting. LaVallee Aff. Supp. Pl. Mot. Summ. J. ¶ 6. Newbill Aff. Ex. 1, LaVallee Dep. 56:2-59:3.

<u>Response</u>: Defendant objects to the portion of this statement that states a meeting was held on September 10, 2018 with the parent of a student and that the sole reason for the meeting

was Plaintiff not standing for the Pledge of Allegiance as this is unsupported by the record evidence. Doc. No. 53, LaVallee Dep. 40:20-43:6; Forrest Dep. 44:2-5, Exhibit 6.[1] Defendant further objects to the portions of this statement which rely on Plaintiff's Affidavit for the reasons stated in Defendant's Motion to Strike Plaintiff's Affidavit and supporting memorandum of law. *See* Doc. No. 59-60. Defendants admit to the remaining portions of the statement.

20. On September 10, 2018, Forrest direct Plaintiff to stand for the Pledge of Allegiance. Newbill Aff. 9, Town Dep. 70:10-20 ("I was the one who directed [Plaintiff] to stand"), 26:20-27:16 ("the teacher has been directed to stand"); Newbill Aff. Ex. 10 ("order that he stand"); Newbill Aff. Ex. 2, Forrest Dep. 60:13-20 ("Q: How did you encourage Thad to stand for the Pledge of Allegiance? A: I told him. Q:You told him what exactly? A: That the expectation was that he stand for the Pledge."); Newbill Aff. Ex. 4, Welch Dep. 19:18-22; Newbill Aff. Ex. 1, LaVallee Dep. 76:17-77:2 (Forrest said "[i]t's my expectation that you stand.'"), 51:4-6 ("[Forrest] said I did not have to recite it, but I had to participate in the ritual by standing up and being an active member of, or active participant."); LaVallee Aff. Supp. Pl. Mot. Summ. J. ¶ 7.

> Response: Defendants object to the statement because it is not undisputed that Defendant Forrest "direct[ed]" Plaintiff to stand for the Pledge of Allegiance. Defendant Forrest, Defendant Welch, and Plaintiff's deposition testimony is that Defendant Forrest told Plaintiff he was "expected" to stand. Defendant also objects to the statement because Plaintiff cites to statements in an email from a third-party who's knowledge of the event is based on hearsay in support of this assertion. Defendant further objects to the portions of this statement which rely on Plaintiff's Affidavit for the reasons stated in Defendant's Motion to Strike Plaintiff's Affidavit and supporting memorandum of law. *See* Doc. No. 59-60. Defendants admit to the remaining portions of the statement.

21. On September 10, 2018, Forrest told Plaintiff that he was expected to stand for the Pledge of Allegiance. Newbill Aff. 9, Town Dep. 70:10-20 ("I was the one who directed [Plaintiff] to stand"), 26:20-27:16 ("the teacher has been directed to stand"); Newbill Aff. Ex. 10 ("order that he stand"); Newbill Aff. Ex. 2, Forrest Dep. 60:13-20 ("Q: How did you encourage Thad to stand

---

[1] Portions of deposition transcripts cited to in this Response are attached to the Affidavit of Brian Lewis filed in support of Defendants' Motion for Summary Judgment.

for the Pledge of Allegiance? A: I told him. Q:You told him what exactly? A: That the expectation was that he stand for the Pledge."); Newbill Aff. Ex. 4, Welch Dep. 19:18-22; Newbill Aff. Ex. 1, LaVallee Dep. 76:17-77:2 (Forrest said "[i]t's my expectation that you stand.'"), 51:4-6 ("[Forrest] said I did not have to recite it, but I had to participate in the ritual by standing up and being an active member of, or active participant."); LaVallee Aff. Supp. Pl. Mot. Summ. J. ¶ 7.

> Response: Admit Defendant Forrest told Plaintiff that he was expected to stand for the Pledge of Allegiance. Defendants object to the portions of this statement which rely on Plaintiff's Affidavit for the reasons stated in Defendant's Motion to Strike Plaintiff's Affidavit and supporting memorandum of law. *See* Doc. No. 59-60.

22. Plaintiff explained to Forrest that he would not stand for the Pledge because to do so would be in contrast with his personal beliefs. Newbill Aff. Ex. 1, LaVallee Dep. 50:4-51:1; LaVallee Aff. Supp. Pl. Mot. Summ. J. ¶¶ 8, 14.

> Response: Admit that Plaintiff explained to Defendant Forrest he did not stand for the Pledge because to do so would be in contrast with his personal beliefs. Defendants object to the characterization of Plaintiff's testimony as being that "he would not stand for the Pledge" because it is inconsistent with the cited portions of the transcript. Defendants further object to the portions of this statement which rely on Plaintiff's Affidavit for the reasons stated in Defendant's Motion to Strike Plaintiff's Affidavit and supporting memorandum of law. *See* Doc. No. 59-60.

23. Notwithstanding Plaintiff's explanation, Forrest reiterated that Plaintiff was expected to stand for the Pledge. Newbill Aff. Ex. 1, LaVallee Dep. 50:4-51:1; LaVallee Aff. Supp. Pl. Mot. Summ. J. ¶¶ 8, 14.

> Response: Admit that Defendant Forrest stated it was his expectation that Plaintiff stand for the Pledge. Defendants object to the portions of this statement which rely on Plaintiff's Affidavit for the reasons stated in Defendant's Motion to Strike Plaintiff's Affidavit and supporting memorandum of law. *See* Doc. No. 59-60.

24. Plaintiff continued his practice of not standing for the Pledge of Allegiance. Newbill Aff. Ex. 1, LaVallee Dep. 77:3-78:5; LaVallee Aff. Supp. Pl. Mot. Summ. J. ¶ 10.

> Response: Admit that Plaintiff testified to "maintain[ing] the same position that I had previously" regarding standing for the Pledge of Allegiance. LaVallee Dep. 77:3-78:10.

Defendants object to the portions of this statement which rely on Plaintiff's Affidavit for the reasons stated in Defendant's Motion to Strike Plaintiff's Affidavit and supporting memorandum of law. *See* Doc. No. 59-60.

25. Forrest never rescinded his direction that Plaintiff stand for the Pledge of Allegiance. LaVallee Aff. Supp. Pl. Mot. Summ. J. ¶ 9.

Response: Defendants object to the characterization of Defendant Forrest's request as a "direction" because Plaintiff cites to no admissible evidence to support this assertion and the evidence on the record does not establish that this is an undisputed fact. *See* Forrest Dep. 60:13-20; LaVallee Dep. 76:17-77:2. Defendants further object to this statement as relying on inadmissible evidence for the reasons stated in Defendant's Motion to Strike Plaintiff's Affidavit and supporting memorandum of law. *See* Doc. No. 59-60.

26. Forrest reiterated weeks later his direction that Plaintiff stand for the Pledge of Allegiance. LaVallee Aff. Supp. Pl. Mot. Summ. J. ¶ 9.

Response: Defendants object to this statement as relying on inadmissible evidence. Further, the undisputed evidence on record is that Defendant Forrest reiterated his expectation one week after the September 14, 2018 meeting with the complaining parent. LaVallee Dep. Exhibits 9 & 11. Defendants further object to this statement as relying on inadmissible evidence for the reasons stated in Defendant's Motion to Strike Plaintiff's Affidavit and supporting memorandum of law. *See* Doc. No. 59-60.

27. Forrest's directive caused Plaintiff tremendous anguish and internal turmoil. LaVallee Aff. Supp. Pl. Mot. Summ. J. ¶ 14; LaVallee Dep. 51:18-53:8.

Response: Defendants object to this statement on grounds that the testimony cited does not support the factual assertion. Defendants further object on grounds that the statement relies on inadmissible for the reasons stated in Defendant's Motion to Strike Plaintiff's Affidavit and supporting memorandum of law. *See* Doc. No. 59-60.

28. Forrest observed that Plaintiff continued to not stand for the Pledge of Allegiance. Newbill Aff. Ex. 1, LaVallee Dep. 77:3-78:5; LaValllee Aff. Suppl. Pl. Mot. Summ. J. ¶ 10.

Response: Defendants object to this statement on grounds it mischaracterizes the testimony cited. Defendants further object on grounds that the statement relies on inadmissible for the reasons stated in Defendant's Motion to Strike Plaintiff's Affidavit and supporting memorandum of law. *See* Doc. No. 59-60. Defendants admit Plaintiff testified: "It was an occasion where the pledge was actually in the process of being recited, and he walked by my classroom one morning and I was taking attendance." LaVallee Dep. 77:3-78:5.

7

29. After Forrest directed Plaintiff to stand for the Pledge. Welch sought legal advice as to the legality of such direction. Newbill Aff. Ex. 4, Welch Dep. 19:3-21:5; Newbill Aff. Ex. 5 (Errata); Newbill Aff. Ex. 9, Town Dep. 15:20-18:1; Newbill Aff. Ex. 10 (legal opinion); Newbill Aff. Ex. 11 (Declaration).

> Response: Defendants object to the statement on grounds is mischaracterizes testimony cited. Defendants admit Defendant Welch testified that Defendant Forrest communicated to him that he expected Plaintiff to stand for the Pledge of Allegiance. Defendants also admit Defendant Welch testified Defendants "reached out" to counsel to "know exactly what the statute says." Welch Dep. 20:19-21:5 (Errata Sheet).

30. Exhibit 10 to the Newbill Affidavit filed herewith is a true and accurate copy of the legal opinion obtained by Welch and forwarded to Forrest and School Committee members Steven Bilafer and Kevin Coughlin. Newbill Aff. Ex. 4, Welch Dep. 19:3-21:5; Newbill Aff. Ex. 5 (Errata); Newbill Aff. Ex. 9, Town Dep. 15:20-18:1; Newbill Aff. Ex. 10 (legal opinion); Newbill Aff. Ex. 11.

> Response: Admit.

31. The legal opinion obtained by Welch stated: "See the attached as follow-up to our discussion of the pledge of allegiance issue. This AF opinion is from 1977, but there does not appear to be anything more recent in Massachusetts. Based on this, my opinion is that you cannot compel the teacher to recite the pledge or salute the flag. My understanding is that the teacher has been directed to stand, which seems to fall short of 'saluting.' I would not recommend that you direct the teacher to do anything further, and we should talk if there is any push back to the order that he stand." Newbill Aff. Ex. 10 (legal opinion).

> Response: Admit.

32. Neither Welch nor Forrest communicated to counsel that Plaintiff refused the order that he stand for the Pledge of Allegiance. Newbill Aff. Ex. 11.

Response: Defendants admit that Defendants Welch and Forrest did not communicate with counsel for the school district again regarding Plaintiff's position on standing for the Pledge of Allegiance. Defendants object to the characterization of Defendants' request as an "order" and Plaintiff's response as a "refusal" on grounds that the exhibit cited does not support the assertion made in this statement nor is there any evidence on the record that establishes this is an undisputed fact.

33. After having obtained the legal opinion, neither Welch nor Forrest communicated with each other about Plaintiff not standing for the Pledge of Allegiance. Newbill Aff. Ex. 11.

Response: Admit.

34. Welch and Forrest did not communicate after having obtained the legal opinion about Plaintiff refusing the order that he stand for the Pledge of Allegiance. Newbill Aff. Ex. 11.

Response: Defendants object to the factual assertion on grounds that the document cited does not support the statement "about Plaintiff refusing the order that he stand for the Pledge of Allegiance." Defendants admit that Defendants Welch and Forrest did not communicate regarding Plaintiff's not standing for the Pledge of Allegiance after having obtained a legal opinion.

35. The legal opinion obtained by Welch contained the Attorney General's opinion that categorically requiring teacher participation in the Pledge of Allegiance is inconsistent with the First Amendment. Newbill Aff. Ex. 10; Newbill Aff. Ex. 9, Town Dep. 29:23-30:21. *Forrest read this*. Newbill Aff. Ex. 9, Town Dep. 30:10-21.

Response: Admit.

36. Plaintiff's refusal to stand for the Pledge neither disrupted operations nor was any thought given to potential disruption. Newbill Aff. Ex. 9, Town Dep. 27:17-28:14.

Response: Defendants object to the factual assertion because it is a legal conclusion. Defendants admit that the statement is accurate as to Defendant Town of Dedham's testimony that Plaintiff's "not standing for the pledge of allegiance" did not disrupt schoolwork. Town Dep. 27:17-28:14.

37. Plaintiff's refusal to stand for the Pledge did not improperly propagandize Plaintiff's views nor was any thought given to such. Newbill Aff. Ex. 9, Town Dep. 27:17-28:14.

Response: Defendants object to the statement on grounds that the deposition testimony cited does not support the assertion and there is no admissible evidence in the record to support the assertion. Defendants admit that the statement is accurate as to Defendant Town of Dedham's testimony that it did not consider whether Plaintiff's not standing for the Pledge improperly propagandized Plaintiff's views. Town Dep. 27:17-28:14.

38. Welch knew about Forrest directing Plaintiff to stand for the Pledge. Newbill Aff. Ex. 4, Welch Dep. 19:18-22; Newbill Aff. Ex. 10.

Response: Defendants objection to the statement on grounds that the deposition testimony cited does not support the assertion "Forrest directing Plaintiff to stand for the Pledge". Defendants admit Defendant Welch's deposition testimony states: "Q: Did he communicate to you that he expected Thad to stand for the Pledge of Allegiance? A: Yes." Welch Dep. 19:18-20.

39. Welch told Forrest he was within his rights to direct Plaintiff to stand for the Pledge. Newbill Aff. Ex. 9, Town Dep. 24:18-21.

Response: Admit.

40. Welch did nothing to rescind the direction that Plaintiff stand for the Pledge. Declaration. Newbill Aff. Ex. 4, Welch Dep. 20:19-21:13; Newbill Aff. Ex. 11.

Response: Defendants object to this statement on grounds that it is not supported by the deposition testimony or document cited. Plaintiff does not cite to any evidence to support the factual assertion "Welch did nothing to rescind the direction that Plaintiff stand for the Pledge."

41. Welch sent an email to Dedham School Committee members Steve Bilafer and Kevin Coughlin wherein was stated that Plaintiff had been directed to stand for the Pledge. Newbill Aff. Ex. 9, Town Dep. 16:3-20; Newbill Aff. Ex. 10; Newbill Aff. Ex. 11.

Response: Admit.

42. Dedham School Committee did nothing to rescind the direction that Plaintiff stand. Newbill Aff. Ex. 9 Town Dep. 17:17-23; Newbill Aff. Ex. 11.

Response: Defendants object to this statement on grounds that the testimony and document cited do not support the assertion.

43. Neither Dedham Public Schools nor Dedham High School have formal written policies relating to employees standing for the Pledge of Allegiance. Newbill Aff. Ex. 7, Town Ans. Ints. No. 4

Response: Admit.

44. There is, however, an unwritten expectation that all teachers in Dedham Public Schools stand for the Pledge of Allegiance. Newbill Aff. Ex. 4, Welch Dep. 19:18-20:1 ("Q: Is that an expectation of all teachers at Dedham Public Schools? A: I would say it's not anywhere written, but, yes…").

Response: Defendants object to the statement on grounds that it mischaracterizes the deposition testimony of Defendant Welch. Defendants admit Defendant Welch testified: "Q: Is that an expectation of all teachers at Dedham Public Schools? A: I would say it's not anywhere written, but, yes, we had -- after this had happened, we had sought an opinion from our legal counsel about that. Knowing the statute that requires the Pledge to be recited as a part of the start of the school day and that a flag is posted in every classroom, we weren't entire – ."

45. Plaintiff was directed to stand for the Pledge pursuant to this unwritten expectation. Newbill Aff. Ex. 4, Welch Dep. 19:18-20:1; Newbill Aff. Ex. 2, Forrest Dep. 60:13-21.

Response: Defendants object to the statement on grounds that the testimony cited does not support the factual assertion "Plaintiff was directed to stand for the Pledge pursuant to this unwritten expectation."

46. To the Town's knowledge, all teachers stand for the Pledge other than Plaintiff. Newbill Aff. Ex. 7, Town Ans. Ints. No. 18.

Response: Admit.

47. Neither Forrest, nor Welch, nor the Town, nor Dedham Public Schools charged Plaintiff any monies for not standing for the Pledge. LaVallee Aff. Supp. Pl. Mot. Summ. J. ¶ 13.

Response: Defendants object to this statement to the extent it relies solely on inadmissible evidence for the reasons stated in Defendant's Motion to Strike Plaintiff's Affidavit and supporting memorandum of law. *See* Doc. No. 59-60

Respectfully submitted,

TOWN OF DEDHAM, DEDHAM PUBLIC SCHOOLS, MICHAEL J. WELCH, and JAMES FORREST,

By their attorneys,

/s/ *Brian E. Lewis*
Brian E. Lewis, Esq. (BBO #643717)
Jeanette M. Piaget Figueroa (BBO #707465)
Jackson Lewis P.C.
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Date: January 3, 2024

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 3, 2024.

*/s/ Brian E. Lewis*
Jackson Lewis, P.C.

4895-1475-3434, v. 1